## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Andrew McGuffee<br><br>     Plaintiff,<br><br>v.<br><br>Financial Asset Management Systems, Inc.<br><br>     Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

2. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district in that it is registered to do business with the Illinois Secretary of State, holds three Illinois Collection Agency licenses with the Illinois Department of Financial and Professional Regulation permitting it to collect debt in this District and it has been sued and appeared in this District on multiple occasions. See, e.g., *Vision Wine & Spirits, LLC v. Winery Exchange, Inc*., No. 12 Civ. 6677, 2013 WL 1737015, at *2 (D.N.J. Apr. 22, 2013)  (finding the statute satisfied where personal jurisdiction can be established either through specific or general jurisdiction).

## STATEMENT OF FACTS

3. Defendant, Financial Asset Management Systems, Inc., ("FAMS"), uses a predictive dialer system.

4. Before FAMS began contacting Plaintiff, Andrew McGuffee, ("Andrew"), it and Andrew had no prior business relationship and Andrew had never provided express consent to FAMS to be contacted on his cellular telephone.

5. FAMS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

6. The principal source of FAMS's revenue is debt collection.

7. FAMS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

8. As described, *infra*, FAMS contacted Andrew to collect a debt that was incurred primarily for personal, family, or household purposes.

9. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

10. Andrew is a "consumer" as defined by 15 U.S.C. §1692a(3).

11. On several occasions, the dates of which will be discovered through discovery, FAMS willingly and knowingly used an automatic telephone dialing system to call Andrew on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

12. Around February 2011, FAMS began contacting Andrew on his cellular phone in connection with the collection of the debt.

13. Around August 2011, Andrew requested FAMS cease further calls to Andrew.

14. Despite this request, FAMS contacted Andrew excessively, sometimes multiple times an hour, on his cellular phone in connection with the collection of the debt, most recently in March 2013.

15. On more than 50 occasions, Andrew requested FAMS cease further calls to Andrew.

16. Around July 2012, FAMS contacted Andrew's parents, ("Parents"), on Parent's home telephone in connection with the collection of the debt.

17. During this communication, FAMS disclosed to Parents that Andrew owed the debt.

18. At the time of this communication, FAMS already had Andrew's location information.

19. Around July 2012, FAMS contacted Andrew's First Sergeant's office, ("First Sergeant"), in connection with the collection of the debt.

20. During this communication, FAMS disclosed to First Sergeant that Andrew owed the debt.

21. At the time of this communication, FAMS already had Andrew's location information.

22. Around July 2012, FAMS contacted Andrew's Commander's office and spoke with the Commander's secretary, ("Secretary").

23. During this communication, FAMS disclosed to Secretary that Andrew owed the debt.

24. At the time of this communication, FAMS already had Andrew's location information.

25. FAMS caused Andrew severe emotional distress.

26. FAMS attempted to collect a debt from Andrew.

27. FAMS violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:____/s/ Jeffrey S. Hyslip_____
One of Plaintiff's Attorneys


Date: February 4, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com